Gloria H. Waggoner v. Commissioner.
Waggoner v. Commissioner
Docket No. 43049.
United States Tax Court
T.C. Memo 1954-53; 1954 Tax Ct. Memo LEXIS 192; 13 T.C.M. (CCH) 508; T.C.M. (RIA) 54159; May 28, 1954, Filed Gloria H. Waggoner, pro se. A. Russell Beazley, Esq., for the respondent. JOHNSON Memorandum Findings of Fact and Opinion JOHNSON, Judge: Respondent determined a deficiency in petitioner's income tax for the years 1949 and 1950 in the respective amounts of $93 and $78. The only question presented is whether petitioner contributed more than one-half to the support of her minor son which would entitle her to a dependency credit under section 25 of the Internal Revenue Code. Findings of Fact Petitioner, Gloria H. Waggoner, formerly Gloria H. Hall, had a son by a former marriage named Donald C. Hall, who was about seven or eight years of age in the taxable years and in those years lived with his mother. She was separated and divorced from Donald's father. Petitioner and Donald *193 lived with her parents in both years, and she paid them $10 a week for room and board. Donald was in school. Petitioner bought his clothes and paid his doctor and dental bills and school supplies. Beginning in May, 1949, and continuing throughout 1950, petitioner worked in a drug store and was paid a salary of $25 a week. In 1949, before the divorce, petitioner received Government allotment from her husband's salary of $80 per month for seven months (January through July), of which amount she understood $50 was for her support and $30 for Donald. For the months of September through December, 1949, her former husband contributed for Donald's support $25 a month, a total of $100, and in 1950 he contributed $25 a month for eleven months, or a total of $275, all of which went to Donald's support. Petitioner in her tax returns for each of the years 1949 and 1950, claimed a dependency credit for Donald's support under section 25, I.R.C.
Russell C. Hall, Donald's father, also claimed Donald as a dependent in his tax returns for those years. For the taxable year 1949 Donald did not receive over half of his support from petitioner, but for the taxable year *194 1950 he did receive from petitioner over half of his support. Opinion To sustain petitioner's claim for dependency credit under section 25, I.R.C., it must appear from the evidence that she contributed more than one-half of Donald's support in the taxable years. Section 25(b)(3), I.R.C.
The burden of proof rests upon petitioner to establish this fact as to each of the years in question. Considering the evidence and the record as a whole, we have found as an ultimate fact that petitioner has met her burden of proof as to the year 1950, but has failed to do so as to 1949. Petitioner testified that she spent more in 1950 for Donald's support than she did in 1949, and the evidence confirms this. The weakness of petitioner's entire case is that as to both years her testimony is vague and unsatisfactory as to what she spent for Donald's support. She kept no books or records and her testimony is based upon estimates about which she could not be certain. When asked what she spent in 1949 for Donald's support she said she was unable to answer in definite figures, but could only estimate. In 1949, from sources other than petitioner, Donald *195 received money from the Government allotment from January through July, and for the remainder of the year, $25 a month from his father. The petitionr did not begin working at the drug store until May, 1949, and it appears that she was unemployed for the first part of that year, and her only income was from the Government allotment. In her testimony she claimed that the $10 a week for board and lodging paid her parents was for Donald only, and that she paid nothing for her board and lodging, and that she gave presents at Christmas times, etc., to her parents and that nothing was charged her for her board and lodging. This does not appear to be reasonable and we think at least half of the sum paid her parents for board and lodging must have been for her. In 1950 she worked the entire year and received a salary of $25 a week, and in 1950 the only sums contributed to Donald's support from sources other than her own was a total of $275, being $25 a month for eleven months contributed by her former husband. If only one-half of the $10 weekly payments to petitioner's parents was for Donald's board and lodging, this would amount to $260 for the year 1950. It is reasonable to assume that *196 she spent much more than $15 during the year for medicine, clothing and other necessities which would make the sum contributed by her in 1950 much more than the $275 contributed by Donald's father. Decision will be entered under Rule 50.